UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>      Plaintiff,<br><br>  v.<br><br>DALADIER TORRES-AMBRIZ,<br><br>      Defendant. | CASE NO. CR14-5499 BHS<br><br>ORDER DENYING DEFENDANT'S MOTION TO SUPPRESS |

This matter comes before the Court on Defendant Daladier Torres-Ambriz's ("Torres-Ambriz") motion to suppress (Dkt. 24). The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the file and hereby denies the motion for the reasons stated herein.

**I. PROCEDURAL HISTORY**

On October 30, 2014, the Grand Jury charged Torres-Ambriz with one count of conspiracy to distribute methamphetamine in violation of 21 U.S.C. § 841(a)(1). Dkt. 9.

On July 9, 2015, Torres-Ambriz filed a motion to suppress. Dkt. 24. On July 16, 2015, the Government responded.[1] Dkt. 26.

## II. FACTUAL BACKGROUND

On September 16, 2013, Detective Shane Hall ("Detective Hall") of the City of Vancouver Police Department submitted a fifty-nine page affidavit for a search warrant. Dkt. 24-2. Detective Hall requested a warrant to search five premises: (1) units B, C, and D of a warehouse facility located at 1103 NE 95th Street in Vancouver, Washington; (2) a warehouse facility adjacent to the NE 95th Street warehouse that is located at 1017 NE 95th Street in Vancouver, Washington; (3) a single-story house located at 10808 NE 96th Street in Vancouver, Washington; (4) a single-story house located at 3415 P Street in Vancouver, Washington; and (5) apartment C7 in the apartment complex located at 3400 NE 66th Avenue in Vancouver, Washington. *Id.* On September 16, 2013, a magistrate issued the requested warrants. *Id.* On September 19, 2013, the police executed the warrants and discovered guns, drugs, and cash in most, but not all, of the locations. Dkt. 24-1 at 2–3.

As a result of these searches and additional searches of vehicles, detectives obtained evidence regarding other storage locations. On September 27, 2013, Detective Hall submitted affidavits for search warrants to search (1) unit 317 in building F of Additional Self Storage located at 4901 NE Minnehaha Street in Vancouver, Washington, and (2) unit 120 in building A of A-Z Storage located at 7523 NE Highway 99 in

---

[1] The Government also filed a motion for leave to file an overlength brief (Dkt. 25), which the Court grants.

1 Vancouver, Washington.  Dkts. 24-4, 24-5.  A magistrate issued the warrants that same

2 day, and, during execution of the warrants, detectives found drugs and drug

3 paraphernalia.  Dkt. 26 at 4.

4      Based on the evidence obtained during the searches, charges were brought against

5 Torres-Ambriz and other defendants in Clark County Superior Court for the State of

6 Washington.  On October 14, 2014, the superior court judge granted in part and denied in

7 part Torres-Ambriz's motion to suppress evidence obtained during the searches.  Dkt. 26-

8 2.  On October 21, 2014, the state charges were dismissed and the complaint was filed in

9 this case.  Dkt. 26 at 5.

10      **III. DISCUSSION**

11      Torres-Ambriz moves to suppress evidence because (1) information provided by

12 the confidential informants includes only innocent details and is not reliable, (2) evidence

13 referenced in the initial affidavit was stale, and (3) the good faith exception does not

14 apply.  Dkt. 24-1 at 6–14.

15      At the federal level, probable cause is based on the "totality of the circumstances."

16 *United States v. Chavez-Miranda*, 306 F.3d 973, 978 (9th Cir. 2002) (citing *Illinois v.*

17 *Gates*, 462 U.S. 213, 238 (1983)).  Under this test, "otherwise innocent behavior may be

18 indicative of criminality when viewed in context."  *Id.*  When information is provided by

19 confidential informants, courts consider four factors to determine the informant's

20 reliability.  "First, a known informant's tip is thought to be more reliable than an

21 anonymous informant's tip." *United States v. Rowland*, 464 F.3d 899, 907 (9th Cir.

22 2006).  "Second, an informant with a proven track record of reliability is considered more

reliable than an unproven informant." *Id.* at 908. "Third, the informant's tip is considered more reliable if the informant reveals the basis of knowledge of the tip—how the informant came to know the information." *Id.* "Finally, a tip that provides detailed predictive information about future events that is corroborated by police observation may be considered reliable, even if the tip comes from an anonymous source." *Id.*

In this case, Torres-Ambriz has failed to show any of the information provided by the multiple informants constitutes either innocent activity or unreliable information. With regard to the former, the affidavit contains information regarding numerous controlled buys of illegal drugs and other drug related activities that are hardly innocent details. *See* Dkt. 24-2 at 8–23. With regard to the unreliability of the information, there is sufficient information in the affidavit to find that the information provided by the informants was reliable. Although Torres-Ambriz argues that the informants were anonymous, the affidavit chronicles numerous controlled buys from these informants and other corroborating information. Therefore, the Court concludes that the warrants were supported by probable cause and denies Torres-Ambriz's motion.

Even if one could find that the warrants lacked probable cause, the good faith exception applies to these searches. Based on a fair reading of the affidavits in support of the warrants, they are not so lacking in indicia of probable cause that no reasonable officer could rely upon them. *United States v. Leon*, 468 U.S. 897, 923 (1984). Torres-Ambriz's argument on this issue is without merit. Therefore, the Court also denies the motion based on the good faith exception.

Finally, Torres-Ambriz argues that some of the information contained in the affidavit was stale. The timeliness of a search warrant depends on whether it is reasonable to believe that the items to be seized are still on the property. *See United States v. Gann*, 732 F.2d 714, 722 (9th Cir. 1984); *United States v. Greany*, 929 F.2d 523, 525 (9th Cir. 1991) ("Staleness must be evaluated in light of the particular facts of the case and the nature of the criminal activity and property sought."). Torres-Ambriz asserts that some of the information provided by the confidential informants may be stale because the investigation lasted over nine months and Detective Hall did not provide dates for the controlled buys. Dkt. 24-1 at 9–10. The Court disagrees. The officers were investigating an ongoing criminal conspiracy and, contrary to Torres-Ambriz's contention, the affidavit does contain dates for a significant number of the controlled buys. Therefore, the Court concludes that the affidavits were not based on stale information.

## IV. ORDER

Therefore, it is hereby **ORDERED** that Torres-Ambriz's motion to suppress (Dkt. 24) is **DENIED**.

Dated this 29th day of July, 2015.

BENJAMIN H. SETTLE
United States District Judge